IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-02611-RBJ

PATRICK HOGAN, Individually and on Behalf of
All Others Similarly Situated,

    Plaintiffs,

v.

PILGRIM'S PRIDE CORPORATION,
WILLIAM W. LOVETTE, individually, and
FABIO SANDRI, individually,

    Defendants.

## ORDER ON MOTION TO RECONSIDER

This matter is before the Court on lead plaintiff George James Fuller's motion to reconsider this Court's March 14, 2018 order on motion to dismiss. ECF No. 43. For the reasons discussed below, the motion is DENIED.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly provide for a motion to reconsider. Instead, litigants subject to an adverse final judgment and who seeks reconsideration by the district court of that judgment may make "[a] motion to alter or amend" that judgment within 28 days of entry of judgment. Fed. R. Civ. P. 59(e). However, Rule 59(e) is not a vehicle to revisit issues already decided by the court or to raise those issues that could have been raised previously. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). Instead, a court may alter or amend the judgment under Rule 59(e) in its discretion when there is

"(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## ANALYSIS

Plaintiff first argues that *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill. Nov. 20, 2017) (the "Antitrust Order") represents an intervening change in the law. ECF No. 43 at 4. But as defendants correctly point out, the Antitrust Order was not decided in the relevant intervening period, nor is it controlling law. ECF No. 44 at 3–4. First, the Antitrust Order was issued four months prior to my order on the motion to dismiss, and I considered and rejected plaintiff's argument concerning that decision. *See Hogan v. Pilgrim's Pride Corp.*, No. 16-CV-02611-RBJ, 2018 WL 1316979, at *7 n.4 (D. Colo. Mar. 14, 2018). Second, even if it were decided in the intervening period, a decision from the Northern District of Illinois is only potentially persuasive authority. Plaintiff has not identified an intervening change in the controlling law that persuades me to reconsider my previous holding.

Plaintiff's remaining arguments simply rehash arguments that were previously raised with this Court. Plaintiff argues that this Court committed clear error by misapplying the pleading standard for falsity. ECF No. 43 at 7. This issue was previously raised and rejected in my order on motion to dismiss. *See Hogan*, 2018 WL 1316979, at *4–5. Plaintiff goes on to state that plaintiffs' allegations meet the Private Securities Litigation Reform Act's ("PSLRA") particularity requirements, ECF No. 43 at 8, also an argument I expressly rejected in my order. *See Hogan*, 2018 WL 1316979, at *7–8. Finally, plaintiff argues that I improperly weighed inferences for falsity. ECF No. 43 at 11–12. Again, plaintiff has already addressed this issue to the Court, and I rejected that argument. *See Hogan*, 2018 WL 1316979, at *8–9.

**ORDER**

(1) For the reasons stated herein, plaintiff's motion for reconsideration, ECF No. 43, is DENIED.

(2) Plaintiff's request for leave to amend is unopposed and is GRANTED. The Court has not reviewed the proposed Second Amended Complaint because it wants to emphasize that the Court does not want to go through the motions process again if there are not genuinely new facts that are materially different that those that the Court has already found to be insufficient to state a claim. Please review your proposed amended complaint carefully and resubmit it only if it complies.

DATED this 9th day of November, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge