

Lewis Roca Rothgerber Christie LLP
1200 Seventeenth Street
Suite 3000
Denver, CO 80202

303.623.9000 main
303.623.9222 fax
lrrc.com

**Alex C. Myers**
Partner
Admitted in Colorado and
Pennsylvania
(303) 628-9502 direct
(303) 623-9222 fax
amyers@lrrc.com

June 26, 2020

Our File Number: 303240-00001

VIA ECF FILING

Hon. R. Brooke Jackson
Alfred A. Arraj United States Courthouse
901 19th Street, Courtroom A902
Denver, CO 80294-3589

Re:   *Hogan v. Pilgrim's Pride Corp., et al.*, Case No. 16-cv-02611-RBJ

Dear Judge Jackson:

In accordance with the Court's Practice Standards, and per the Court's June 17, 2020 minute order (ECF No. 49), I write on behalf of Defendants Pilgrim's Pride Corporation ("PPC"), William W. Lovette, and Fabio Sandri ("Defendants") concerning their anticipated Motion to Dismiss the Second Amended Complaint (ECF No. 47) pursuant to Rule 12(b)(6).

Procedural and Factual Background

This putative securities fraud class action was originally filed on October 20, 2016. ECF No. 1. Plaintiff subsequently filed his first Amended Complaint on May 11, 2017. ECF No. 29. Plaintiff alleged that Defendants violated Section 10(b) of the Securities Exchange Act ("Exchange Act") and Rule 10b-5 promulgated thereunder by issuing materially false and misleading statements between February 21, 2014 and November 17, 2016 (the "Class Period"). Though acknowledging that Defendants had accurately reported PPC's financial performance during that time, Plaintiff claimed that PPC's periodic filings with the U.S. Securities and Exchange Commission and related public statements by Defendants Lovette and Sandri were false and misleading insofar as they failed to disclose that PPC's revenues and other financial results during the Class Period were purportedly driven by PPC's alleged participation in a collusive scheme with several industry peers to fix prices in the broiler chicken market. In support of their Section 10(b) claims, Plaintiff relied on allegations in an antitrust case captioned *In re Broiler Chicken Litigation* pending in the Northern District of Illinois against PPC and several other poultry companies.

More than two years ago, on March 14, 2018, the Court granted Defendants' motion to dismiss the Amended Complaint in full without prejudice. ECF No. 41. In granting Defendants' motion to dismiss, the Court held that Plaintiff had failed to meet the heightened pleading standards applicable under the Private Securities Litigation and Reform Act ("PSLRA"), noting that Plaintiff "must do more than piggyback on <u>allegations</u> in the antitrust case if he wishes to prosecute a securities suit." *Id.* at 12 n.4. Ultimately, the Court "agree[d] with defendants that it is inappropriate to plead 'fraud by innuendo,' which is essentially what plaintiff has done in this complaint." *Id.* at 18. At that time, the Court entered final judgment in favor of Defendants. ECF No. 42.



On April 11, 2018, Plaintiff moved for reconsideration of the Court's order and "alternatively request[ed]" leave to amend. ECF No. 43. On November 9, 2018, the Court denied Plaintiff's motion for reconsideration but granted the request for leave to amend. ECF No. 46. Notably, the Court did not set aside or otherwise disturb the judgment in favor of Defendants that had been entered in March 2018. The Court cautioned Plaintiff that it did "not want to go through the motions process again if there are not genuinely new facts that are materially different that [*sic*] those that the Court has already found to be insufficient to state a claim." *Id*. at 3.

Since the Court's November 2018 order, this case has been closed. Defendants did not hear from Plaintiff or his counsel until June 8, 2020, when Plaintiff filed a Second Amended Complaint. ECF No. 47.

Defendants' Motion to Dismiss the Second Amended Complaint

Congress enacted the PSLRA in an "effort to curb abuse in private securities lawsuits." *City of Philadelphia v. Fleming Cos.*, 264 F.2d 1245, 1258 (10th Cir. 2001). To accomplish that goal, the PSLRA mandates a "more stringent pleading standard for securities fraud actions"—a standard intended to be "higher than any federal court had imposed" until its inception. *Id*. at 1258–59. Courts act as gatekeepers at the motion to dismiss phase, determining "whether plaintiffs satisfy the [PSLRA's] pleading requirements." *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1194 (10th Cir. 2003).

The vast majority of allegations in the Second Amended Complaint are identical to those the Court previously dismissed as insufficient to state a claim. The few allegations that Plaintiff added to the Second Amended Complaint do not cure the pleading deficiencies that the Court previously identified in its ruling. Accordingly, Defendants are prepared to move to dismiss the Second Amended Complaint with prejudice and believe they have strong grounds to do so.

First, Plaintiff's Section 10(b) claims are now partially time-barred. Private actions under Section 10(b) are subject to a five-year statute of repose. 28 U.S.C. § 1658(b)(2). "[A] statute of repose is a judgment that defendants should be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason." *CTS Corp. v. Waldburger*, 573 U.S. 1, 134 (2014). Unlike the statute of limitations, there is no equitable tolling of the statute of repose. *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015).

Here, the statute of repose runs from the date of allegedly false or misleading statement through when the operative complaint is filed. *See SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos.*, 829 F.3d 173, 177 (2d Cir. 2016) ("Because the complaint fails to allege that the defendants made any misrepresentations within five years of the filing of SRM's complaint, SRM's Section 10(b) and Rule 10b–5 claims are time-barred under § 1658(b)(2)'s five-year statute of repose."); *De Vito v. Liquid Holdings Grp., Inc.*, 2018 WL 6891832, at *18 (D.N.J. Dec. 31, 2018) (measuring three-year statute of repose period for Section 11 claim as ending on the date of filing of plaintiffs' second amended complaint).

The Second Amended Complaint, filed in June 2020, challenges statements made by Defendants dating back to February 2014. Over half of the statements alleged to be false or misleading were made more than five years ago and are now fully time-barred under the applicable statue of repose.



The timeliness of the Second Amended Complaint is a "threshold issue[]" that must be decided upon a Rule 12(b)(6) motion to dismiss. *De Vito*, 2018 WL 6891832, at *13.

Second, even if Plaintiff's claims were timely, the Second Amended Complaint fails to state a securities fraud claim for largely the same reasons as those discussed in the Court's opinion and order granting Defendants' motion to dismiss in March 2018.

The only "new facts" Plaintiff has added in support of his claims are (i) further developments in the *Broiler Chicken* antitrust litigation and (ii) the June 3, 2020 indictment of four industry executives, including PPC's current CEO, Jayson Penn. ECF No. 48. In other words, Plaintiff is again attempting to impermissibly predicate a securities fraud claim based on unproven, unadjudicated allegations of wrongdoing—precisely the type of "piggyback[ing]" this Court previously held to be insufficient to prove falsity. ECF No. 41.

Moreover, under the PSLRA and well-established Supreme Court authority, this case cannot proceed unless Plaintiff pleads particularized facts supporting a "strong inference" that Defendants made inaccurate statements with the "intention 'to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313–14 (2007). The Second Amended Complaint fails to clear that hurdle because it still alleges nothing more than the fraud by innuendo already rejected by this Court. In addition, the Second Amended Complaint fails to plead the requisite element of loss causation necessary for a Section 10(b) claim.[1]

Meet and Confer Certification

On June 19, 2020, Defendants conferred with Plaintiff regarding the issues set forth in this letter. The parties could not reach agreement regarding Defendants' anticipated motion to dismiss.

Defendants respectfully request that the Court enter an order setting forth a briefing schedule for Defendants' motion to dismiss. The parties have conferred and agreed upon the following schedule, subject to the Court's approval: Defendants' motion to dismiss due 45 days from an order from the Court following the Court's consideration of the parties' letters; Plaintiff's opposition thereto due 45 days thereafter; and Defendants' reply in support of the motion to dismiss due 30 days thereafter.

We are available at the Court's convenience to further address any issues the Court deems appropriate.

Sincerely,

Alex C. Myers
Lewis Roca Rothgerber Christie LLP

cc:    Counsel of Record (by ECF)

---

[1] Having ruled that Plaintiff failed to plead an actionable false or misleading statement, the Court previously found it unnecessary to decide whether Plaintiff adequately pleaded scienter or loss causation under Rule 9(b). *See* ECF No. 41.

111593411.1