IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

PATRICK HOGAN, Individually and on Behalf of
All Others Similarly Situated,

           Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION,
WILLIAM W. LOVETTE, and
FABIO SANDRI,

           Defendants.

Civil Action No. 16-CV-02611-RBJ

**Defendants Pilgrim's Pride Corporation and Fabio Sandri's Brief in Opposition to Plaintiff's Motion for Amended Judgment Under Rule 59(e)**

On April 19, 2021, the Court dismissed Plaintiff's Second Amended Complaint ("SAC")—the third attempt since 2016 to state a viable securities fraud claim—and entered an amended final judgment in favor of Defendants (the "Order"). In his latest motion, Plaintiff argues this Court should amend its Order: (i) to allow him to proceed based on a theory of scheme liability he never raised during the motion to dismiss briefing, and (ii) to revisit its holding that the SAC does not relate back to the date of the original complaint for purposes of the statute of repose. *See* ECF No. 76. As set forth below, Plaintiff's motion does not justify reconsideration under the limited exceptional circumstances permitted under Rule 59(e) and should be denied in its entirety.[1]

## ARGUMENT

Relief under Rule 59(e) "is an extraordinary remedy which is used sparingly in order to further

---

[1] Plaintiff's failure to comply with Local Rule 7.1 provides additional grounds to deny the motion. Under Local Rule 7.1(a), "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." D.C.COLO.LCivR 7.1(a). Plaintiff does not set

the strong public policy interest in finalizing litigation and conserving judicial resources." *Sala v. United States*, 251 F.R.D. 614, 619 (D. Colo. 2008) (citation and internal quotation marks omitted). "Motions to alter or amend judgment are regarded with disfavor." *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010), *aff'd*, 647 F.3d 950 (10th Cir. 2011). Accordingly, relief under Rule 59(e) can be granted only if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Clear error" requires the movant to show that the Court's judgment was "arbitrary, capricious, whimsical, or manifestly unreasonable." *N.Y. Life Ins. Co. v. Saul*, 2019 WL 1877179, at *2 (D.N.M. Apr. 26, 2019) (quoting *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001)). Put differently, "to constitute a 'clear error,' a party must show . . . that a final judgment [was] 'dead wrong.'" *Williams v. Romarm S.A.*, 2021 WL 131459, at *4 (D.D.C. Jan. 14, 2021) (citation omitted).

Plaintiff, who now seeks reconsideration for the second time in this action, is well aware of the exacting standard for relief. As the Court explained in denying Plaintiff's prior motion for reconsideration: "Rule 59(e) is not a vehicle to revisit issues already decided by the court or to raise those issues that could have been raised previously." ECF No. 46 at 1. Yet Plaintiff's motion runs directly afoul of this clear instruction, as it both resurrects arguments that this Court already rejected *and* raises a novel, unsupported spin on the SAC that Plaintiff did not even passingly reference at the motion to dismiss phase despite ample opportunity.

---

forth his compliance with this requirement because he did not confer with Defendants' counsel before filing his motion.

## I. PLAINTIFF'S SCHEME LIABILITY THEORY DOES NOT SUPPORT RECONSIDERATION OF THE COURT'S ORDER

The Court properly dismissed Plaintiff's Section 10(b) claims as untimely, reasoning that the SAC is subject to the five-year statute of repose contained in 28 U.S.C. § 1658(b)(2), that each alleged misrepresentation independently triggered the repose period, and thus that all of Plaintiff's Section 10(b) claims predicated on misstatements before June 8, 2015—five years prior to the filing of the SAC—should be dismissed. ECF No. 74 at 12, 16.[2]

Plaintiff argues that the Court should reconsider its ruling to permit his "scheme liability" claims under Rule 10b-5(a) and (c) to proceed because there is supposedly a different repose period under those two provisions of the Securities Exchange Act (as distinct from Rule 10b-5(b)). This argument can be swiftly rejected on two separate grounds: (1) Plaintiff never once raised this argument during the motion to dismiss briefing, which is fatal to his Rule 59(e) motion; and (2) in any event, the Court did not commit "clear error" in dismissing the SAC in its entirety as time-barred.

*(1) Plaintiff Did Not Previously Raise His Newly-Minted "Scheme Liability" Theory.* Plaintiff argues that the briefing on the motion to dismiss and the Order ignored his scheme liability claim asserted under subsections (a) and (c) of Rule 10b-5, which he now claims, for the first time, is purportedly subject to a different repose period that has not yet run. ECF No. 76 at 1.[3] Specifically, Plaintiff admonishes Defendants (and, by implication, the Court) for "lump[ing]" his misstatement and scheme liability claims together for purposes of determining the appropriate repose period, and asserts that

---

[2] The Court dismissed the remainder of Plaintiff's Section 10(b) claims predicated on acts or omissions occurring after June 8, 2015, holding that Plaintiff lacked standing to pursue them. *Id.* at 18-19.

[3] These sections make it unlawful to "employ any device, scheme, or artifice to defraud" or "engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person" in connection with the purchase or sale of securities. 17 CFR § 240.10b-5(a), (c).

3

the repose period for his scheme liability claim should run from the date of the last act in furtherance of the price fixing conspiracy described in the SAC (leading to a repose cut-off date of November 17, 2021).[4]

But Plaintiff never once argued that what he now describes as his "scheme liability" claim was in any respect distinct from his misstatements claims or otherwise subject to a different repose period. To the contrary, Plaintiff expressly described the "crux" of his Section 10(b) claims as alleged misrepresentations and omissions, "lumped" all of his Section 10(b) claims together, and repeatedly argued that the repose period for all his Section 10(b) claims should run—without exception—from "the date of the *last fraudulent misrepresentation*." ECF No. 59 at 6, 14 (emphasis added).[5] Despite a process that unfolded over ten months, and numerous opportunities to do so, Plaintiff failed to even mention, let alone unpack, this novel repose period theory. He did not raise it in the parties' meet and confer regarding the grounds for Defendants' motion to dismiss,[6] nor in his June 26, 2020 letter to the Court outlining his position on Defendants' motion to dismiss (*see* ECF No. 52), nor in the parties' extensive subsequent briefing. Indeed, the words "scheme liability" and Rules 10b-5(a) and 10b-5(c) never once appeared in his opposition papers. Plaintiff could have argued at any of these points that

---

[4] Plaintiff does not contend that there has been an intervening change in controlling law or newly discovered evidence that would warrant Rule 59(e) relief.

[5] Plaintiff's contention that "Defendants never argued to dismiss Plaintiff's Scheme Liability Claims" is demonstrably false. ECF No. 76 at 2. Defendants moved to dismiss the SAC and all claims asserted therein—which necessarily included Count II, which purported to assert a claim under Rules 10b-5(a) or 10b-5(c)—"in its entirety with prejudice." ECF No. 58 at 15.

[6] This Court's Practice Standards require that during the meet and confer preceding a motion to dismiss, counsel be prepared to discuss "[t]he issues that the movant intends to raise in the motion to dismiss" and "[t]he reasons that the non-movant believes the motion should be denied." Practice Standards at 2.

the repose period for his purported scheme liability claim was different—as he does now in his Rule 59(e) motion—but he declined to do so.

It is too late for Plaintiff to raise this argument now for the first time. "[A] Rule 59(e) motion 'cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment.'" *U.S. ex. rel. Noyes v. Kimberly Constr., Inc.*, 43 F. App'x 283, 287 (10th Cir. 2002); *see also Kerber*, 727 F. Supp. 2d at 1077 ("It is not appropriate to . . . advance arguments that could have been raised in prior briefing" (citation omitted)); ECF No. 46 at 1 (Rule 59(e) "is not a vehicle . . . to raise those issues that could have been raised previously"). Having declined to advance an argument available to him during the motion to dismiss briefing, Plaintiff is not entitled to a second bite at the apple after the parties have fully briefed the motion and this Court has rendered its decision. The Court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (denying reconsideration, holding that "new legal theories based on a previously-available information cannot be offered on a motion for reconsideration").

*(2) The Court Did Not Commit "Clear Error."* Even if Plaintiff had properly raised his scheme liability theory in response to the motion to dismiss, Plaintiff fails to demonstrate that the Court's decision dismissing all of his Section 10(b) and Rule 10b-5 claims was "arbitrary, capricious, whimsical, or manifestly unreasonable," let alone "dead wrong." *Abbott Labs., Inc.*, 259 F.3d at 1236; *see also Williams*, 2021 WL 131459, at *4 ("Under Rule 59(e), to constitute a 'clear error,' a party must show . . . 'that a final judgment [was] 'dead wrong'" (citation omitted)).

First, Plaintiff's demand that the Court should apply a different repose period to his scheme liability claim ignores that all of his securities fraud claims entailed the same type of allegedly wrongful conduct (*i.e.*, the making of alleged misstatements). Therefore, Plaintiff's scheme liability claims did

not require an independent analysis and separate repose trigger dates. Importantly, since the inception of this case in October 2016, Plaintiff's bottom line theory of liability has been based on Defendants' alleged misstatements and omissions, as he himself acknowledged in his opposition to Defendants' motion to dismiss:

> As the Court correctly assessed, "[t]he crux of plaintiff's complaint is that . . . defendants made untrue or misleading public statements by failing to disclose the price-fixing conspiracy and instead touting legitimate causes for Pilgrim's success" and by falsely declaring the "chicken industry as 'highly competitive.'"

ECF No. 59 at 6. Consistent with this description, Plaintiff's pleading of this "Second Claim" under Rule 10b-5(a) and (c) is grounded in alleged misstatements by Defendants. *See, e.g.*, SAC ¶ 400 ("Defendants *participated in the preparation of and/or disseminated or approved the false statements* specified above . . . ." (emphasis added)); ¶ 401 ("Defendants *made untrue statements of material facts or omitted to state material facts* . . . ." (emphasis added)). Indeed, Plaintiff effectively conceded this point when, in opposition to Defendants' motion to dismiss squarely raising the statute of repose argument as to all Section 10(b) claims, he never once described his scheme liability claim as based on conduct or actions distinct from the alleged misrepresentations or subject to a different repose period.

Accordingly, where, as here, the "crux" of the complaint is alleged misrepresentations regarding the company's financial success and viability, Plaintiff cannot evade the date of each misrepresentation as the trigger for the commencement of the repose period simply by claiming that Defendants also engaged in an ongoing anticompetitive scheme purportedly covered up by those same misrepresentations. *See In re Teva Sec. Litig.*, 2021 WL 1197805, at *3-5 (D. Conn. Mar. 30, 2021) (rejecting similar effort to extend the five-year repose period by transforming misrepresentation claims into a scheme claim, where "[a]lthough, in a way, these cases concern [the company's] anti-competitive *conduct*, [plaintiffs] allege that the [defendants] violated the federal securities laws by *lying* about the

6

sources of their revenue and the competitiveness" of their industry).[7]

Second, Plaintiff's statute of repose argument also fails because it is effectively no different from the continuing fraud exception that this Court declined to adopt in its decision granting the motion to dismiss. In his Rule 59(e) motion, Plaintiff argues that because he "alleged in the [SAC] that Defendant[s] engaged in a scheme which *continued* until at least November 17, 2016," the repose period should run until November 17, 2021. ECF No. 76 at 5 (emphasis added); *see also id.* at n.5 ("the price fixing conduct *continued* until at least early 2017") (emphasis added).[8] In other words, Plaintiff contends that the statute of repose should be measured from the last culpable act in a *series* of culpable acts—the very same continuing violation theory that this Court explicitly rejected as being incompatible with the purpose of a statute of repose. *See* ECF No. 74 at 12-14. Plaintiff offers no reason why this ruling constituted clear error.

Third, even if Plaintiff were correct that his scheme liability claim should be subject to a different repose period than his misstatements claims, he has not shown he can overcome this Court's prior holding on standing and the statute of repose—that a plaintiff asserting a Rule 10b-5 claim only has standing to assert claims based on acts or omissions occurring prior to the date he purchased or sold his stock. *See generally id.* at 17-19. Here, Plaintiff's final purchase of stock during the class period

---

[7] Plaintiff's reliance on *In re Micron Tech., Inc., Sec. Litig.*, 2009 WL 453917 (D. Idaho Feb. 23, 2009) for the proposition that "price fixing allegations have been held to sufficiently plead scheme liability claims," ECF No. 76 at 3, is misguided. *Micron* was a decision on a motion for judgment on the pleadings, which is governed by a far less stringent standard than the clear error standard applicable here. 2009 WL 453917, at *2.

[8] Plaintiff's proffered date appears to be wholly irrelevant to the question of when Defendants' alleged "last culpable act or omission" occurred for purposes of the statute of repose, as Plaintiff cites to a *Washington Post* article that says nothing about Defendants' last act or omission, but rather quotes from a Georgia Dock director who "explained the potential price impact for consumers" and disclosed information about the price index "over the past two years." *See* SAC ¶ 277.

was on February 19, 2015, and his motion nowhere suggests that he would have standing to assert his claim based on any acts or omissions occurring after that date. And any of Plaintiff's claims for which he would otherwise have standing—those premised on pre-purchase conduct occurring prior to February 19, 2015[9]—are now barred by the statute of repose, as more than five years lapsed before Plaintiff filed the SAC.[10]

## II.  PLAINTIFF'S PREVIOUSLY-LITIGATED RELATION-BACK ARGUMENTS DO NOT SUPPORT RECONSIDERATION OF THE COURT'S ORDER

In the Order, this Court declined to apply the Rule 15(c) relation-back doctrine to circumvent the statute of repose, explaining that it "will not—and cannot—permit plaintiff to use the relation-back doctrine to save his untimely complaint because doing so would be improper under the Rules Enabling Act." ECF No. 74 at 14-16. Plaintiff requests that this Court reconsider its prior holding based on recycled arguments that this Court already rejected, and he does not come close to establishing that this Court committed clear error in declining to apply the relation-back doctrine.

---

[9] This Court previously held that each allegedly fraudulent act would *independently* trigger the five-year repose period. ECF No. 74 at 12 (rejecting the continuing fraud exception as inconsistent with statutes of repose).

[10] In any event, Plaintiff's scheme liability claim fails for the reasons set forth in Defendants' prior motion to dismiss briefing. *See* ECF Nos. 58, 60. Moreover, although Plaintiff's scheme liability argument should be rejected given his failure to timely raise it, his claim would in any event fail on the merits because he cannot establish "the requisite proximate relation" between the anticompetitive conduct and his harm. *See Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 158-59 (2008) (presumption of reliance does not apply to scheme liability where the deceptive acts were not communicated to the public). *Stoneridge* rejected the notion that investors could rely on "the transactions" underlying alleged misstatements (here, any anticompetitive conduct), as Section 10(b) does not "reach the whole marketplace in which the issuing company does business." *Id.* at 160. Further, a fraudulent scheme "in the marketplace for goods and services" is distinct from market manipulation "in the investment sphere." *Id.* at 166. Price fixing of broiler chickens cannot be said to occupy the "investment sphere" absent the misstatements this Court found to be inactionable, and Plaintiff thus cannot establish reliance on any "deceptive acts in the decision to purchase or sell securities." *Id.* at 166-67.

8

*(1) Plaintiff Cannot Rehash His Relation-Back Argument on a Rule 59(e) Motion.* As this Court held in rejecting Plaintiff's prior motion for reconsideration, Rule 59(e) is not designed to allow litigants to "simply rehash arguments that were previously raised with this Court." ECF No. 46 at 2; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (motion to alter or amend a judgment under Rule 59(e) cannot be used to "relitigate old matters"). Plaintiff's relation-back argument ignores this straightforward rule, offering nothing but a restatement of contentions previously made to—and properly rejected by—this Court in connection with Defendants' motion to dismiss.

As with his scheme liability argument, Plaintiff's plea for reconsideration of the Court's Order declining to apply the relation-back doctrine does not cite a single decision issued since April 19, 2021, that supports his position. Similarly, he does not rely on any new evidence or arguments unavailable to him when he filed his opposition to the motion to dismiss on August 31, 2020. Rather, his argument is exactly the same as it was before: In his Rule 59(e) motion, he contends that the SAC relates back under Rule 15(c) because it asserts the same causes of action and same parties as in the original pleading and "merely add[s] specificity and factual detail" to the initial pleading. ECF No. 76 at 6-7, 9-10. Plaintiff has done little more than add to and reshuffle the words of his argument. In his opposition to the motion to dismiss, he similarly argued that the SAC—which added no new plaintiffs, defendants, or claims—relates back to the original complaint because courts and treatises have permitted "relation back despite [the] repose period where 'an amendment only add[s] specificity to a complaint.'" ECF No. 59 at 14. Indeed, Plaintiff's discussion of case law in the motion—much of which was previously addressed by the parties (and the Court)—further confirms this result.[11]

---

[11] *Compare* ECF No. 76 at 8 n.7 ([T]the court in *De Vito* did not intend to create repose precedent . . . stating he was ruling '[w]ithout purporting to announce a categorical rule . . . .'"), *and id.* at 8 ("The court held that any claims brought by the new plaintiff outside of the . . . statute of repose were impermissible . . . ."); *with* ECF No. 59 at 15 n.14 ("*De Vito* did not endorse a categorical rule . . . .

9

At bottom, Plaintiff's motion to amend the judgment reflects his disagreement with the Court's decision refusing to apply the relation-back doctrine to his SAC. That is precisely the sort of attempt to "relitigate old matters" for which Rule 59(e) relief is not available. *See Grove v. Groome*, 2019 WL 9244881, at *2 (D. Colo. May 29, 2019) (rejecting Rule 59(e) motion where plaintiff's argument "reduces to an assertion that the Court arrived at what he believes to be an improper result"), *aff'd*, 817 F. App'x 551 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1074 (2021). Rule 59(e) is not a "vehicle to revisit issues already decided." *See supra* p. 2. Plaintiff's motion should be denied for this reason alone.

*(2) The Court Did Not Commit "Clear Error."* Plaintiff's arguments also do not support a finding that the Court's Order constituted clear error. In dismissing the SAC, the Court correctly found that the relation-back doctrine would abridge Defendants' "substantive right . . . to be free from liability after a legislatively-determined period of time." ECF No. 74 at 14-16 (citation omitted). Plaintiff argues that certain out-of-circuit courts have allowed post-repose amendments that "only provide additional detail" to the prior pleadings because they only "incidentally affect[]" defendants' "substantive rights in repose." *See* ECF No. 76 at 7. Yet Plaintiff identifies no controlling law that this Court overlooked or ignored. Nor can he—as this Court noted, this was an issue of first impression in the Tenth Circuit, and other district courts that considered the issue have refused to permit relation-back to save untimely complaints. *See* ECF No. 74 at 15-16. Plaintiff points only to out-of-circuit decisions that he urges this Court to adopt, but "[o]pinions from federal courts of appeals and district courts outside of the Tenth Circuit do not bind the court," *Robinson v. Capital One*

---

Rather, the court held repose bars relation-back in that case where, unlike here, an additional plaintiff was added . . . ."). *Compare also* ECF No. 76 at 7, 8 & n.8 (addressing *Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 263-64 (S.D.N.Y. 2019) and *FDIC ex rel. Colonial Bank v. First Horizon Asset Sec. Inc.*, 291 F. Supp. 3d 364, 370-74 (S.D.N.Y. 2018)), *with* ECF No. 58 at 5 n.3 (addressing *Barilli*), and ECF No. 60 at 2-3 & nn.1,3 (addressing *Barilli* and *First Horizon*).

*Bank (USA), N.A.*, 2021 WL 351421, at *4 (D. Kan. Feb. 2, 2021) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)), and thus cannot be said to render the Court's decision "dead wrong," *Williams*, 2021 WL 131459, at *4.

Moreover, the cases Plaintiff does cite from the Tenth Circuit in "[d]rawing the distinction" between amendments adding new claims and parties versus amendments adding factual detail are inapposite. Each of the cases Plaintiff relies upon involved statutes of limitations, not statutes of repose. *See Fefer v. Swift Transp., Inc.*, 2020 WL 4429385 (D. Colo. July 31, 2020); *McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 723 (10th Cir. 2011).[12] As the Supreme Court has recognized, statutes of repose differ from statutes of limitations in that they provide defendants with substantive rights—specifically, the right to "be free from liability after the legislatively determined period of time." *Waldburger*, 573 U.S. at 8-9. Statutes of repose provide an "unqualified bar" to liability, *Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010), and provide defendants with "'more explicit and certain protection'" than statutes of limitations, ECF No. 74 at 8, 11 (quoting *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049 (2017)). Indeed, as this Court recognized in its April 19, 2021

---

[12] Plaintiff cites *McClelland* for the proposition that "[t]hough a potential defendant has a 'strong interest in repose,' repose should not be a 'windfall' for a defendant who possesses sufficient notice of impending claims." ECF No. 76 at 7. But Plaintiff attempts to capitalize on the term "repose," which is used in *McClelland* (perhaps confusingly) in the statute of limitations context. *See* 431 F. App'x 718, 723. Similarly, the case that *McClelland* cites, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010), concerned a contractually-imposed one-year time limit for bringing suit. Plaintiff's proposition is not relevant to statutes of repose, which are "an 'absolute . . . bar' on a defendant's temporal liability" and are not subject to considerations such as whether a defendant is on notice of a claim. *See CTS Corp. v. Waldburger*, 573 U.S. 1, 8-9 (2014). Nor does Plaintiff's invocation of *SEPTA v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54 (M.D. Pa. 2020) undermine that notion. *SEPTA* merely stands for the proposition that a proposed amendment to a pleading that has been only *partially* dismissed may be considered as part of the same "action" for purposes of Rule 54(b). *Id.* at *81-82. *In re Direxion Shares ETF Tr.*, 2012 WL 717967 (S.D.N.Y. Mar. 6, 2012), is also inapposite, as it did not examine whether Rule 15 could toll a statute of repose.

11

decision, statutes of limitations and statutes of repose are very much distinct from one another. *See id.* at 14.

At best, Plaintiff's authorities indicate that several out-of-circuit courts have come to different conclusions regarding the "amendment distinction"—which, of course fatally undercuts Plaintiff's claim that this distinction is well-established in these circumstances.[13] Given that this was an issue of first impression, with no established rule for the Court to apply, Plaintiff cannot point to any misapplication or ignorance of controlling law that would constitute clear error. While Plaintiff engages in a lengthy policy discussion as to why his view of the law should be correct (which he also previously raised and the Court rejected), that is not sufficient to warrant Rule 59(e) relief. In sum, Plaintiff's motion is premised on his objection to the Court's well-reasoned decision not to adopt his view of what controlling law *should* be—a showing that cannot, and does not, establish that the Court's Order was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Abbott Labs., Inc.*, 259 F.3d at 1236; *see supra* p. 2*; Robinson*, 2021 WL 351421, at *4 ("court did not commit clear error by choosing not to embrace plaintiff's preferred out-of-circuit caselaw").

### III. PLAINTIFF HAS NOT DEMONSTRATED ANY MANIFEST INJUSTICE THAT WOULD WARRANT RULE 59(E) RELIEF

Finally, Plaintiff cannot show that allowing the Order to stand would result in "manifest

---

[13] *See U.S. ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 643 (E.D. Va. 2016) ("district courts have reached conflicting opinions about the application of Rule 15(c) to a statute of repose") *aff'd*, 866 F.3d 199 (4th Cir. 2017); 3 James Wm. Moore et al., Moore's Federal Practice - Civil § 15.19 (2021) ("there is very limited guidance from the appellate courts on this issue"); *see also, e.g.*, *Baldain v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 2606666, at *6 n.6 (E.D. Cal. June 28, 2010) (claim that was dismissed without prejudice could not be reasserted in a subsequent amendment because it fell outside the repose period and relation-back cannot be applied to statutes of repose); *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 939 F. Supp. 2d 360, 379-80 (S.D.N.Y. 2013) (noting that permitting relation-back where no new cause of action is alleged would be a principle "inapplicable to statutes of repose, under which it is irrelevant whether parties have notice of a claim").

injustice," particularly given the procedural history of the litigation and his own conduct in connection with the claims asserted in the SAC.[14]

As the Court will recall, after Plaintiff was granted leave to amend his original complaint, he chose to wait nearly two years to file an amended pleading, thereby allowing the repose period to lapse. ECF No. 74 at 12. As a direct result of this delay, Plaintiff is now barred from pursuing certain claims under the federal securities laws. This outcome is not "fundamentally unfair in light of governing law"—it is the predictable consequence of the law itself, which was explicitly designed to terminate Defendants' liability after a fixed period of time. *See Waldburger*, 573 U.S. at 8 (statute of repose "bar[s] any suit that is brought after a specified time since the defendant acted . . . even if this period ends before the plaintiff has suffered a resulting injury"). Plaintiff's predicament is one of his own making, not the result of any "manifest injustice" in the Court's ruling.

Moreover, to the extent that Plaintiff's claims of "manifest injustice" are premised on the possibility of "anomalous results" in hypothetical future cases, *see* ECF No. 76 at 10 n.12, it should go without saying that such speculative harms are not at issue here. This is not a case where an otherwise diligent plaintiff was deprived a remedy because of a technicality. Rather, it is a case where a plaintiff filed a deficient pleading (which was dismissed), sought and received Court approval to amend that deficient pleading, and then slept on his rights for 576 days while the outer time limit on Defendants' liability drew closer. To the extent that this case resembles a hypothetical, it resembles the hypothetical

---

[14] "Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as 'more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.'" *CalMat Co. v. Oldcastle Precast, Inc.*, 2018 WL 3111605, at *1 (D.N.M. June 22, 2018) (citation omitted). "In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *In re Green Goblin, Inc.*, 2012 WL 1971143, *1 n.2 (Bankr. E.D. Pa. May 31, 2012).

offered by the Court, wherein "a plaintiff could file a case, have it dismissed without prejudice, and then file an amended complaint at any time irrespective of any repose period." ECF No. 74 at 11-12. The operation of the relation-back doctrine in cases like these would eviscerate any protections offered by the statute of repose, because relation-back would mean that liability could never be extinguished. In such a situation, "nothing is fixed or certain." *Id.* at 12.  Therefore, Plaintiff's imagined harms—which were never at issue anyway—cannot justify an exception that would swallow the rule.

There is simply no "patent unfairness" to Plaintiff from the Court's Order dismissing the SAC in these circumstances.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for an amended judgment under Rule 59(e) in its entirety.


Dated: June 7, 2021                                         */s/ Caroline J. Zalka*


                                          **Caroline J. Zalka**
                                          **Seth Goodchild**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Email: caroline.zalka@weil.com
Email: seth.goodchild@weil.com
*Attorneys for Defendants Pilgrim's Pride Corporation and Fabio Sandri*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record of such filing.

                */s/ Caroline J. Zalka*
                Caroline J. Zalka