IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02611-RBJ

PATRICK HOGAN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION,
WILLIAM W. LOVETTE,
FABIO SANDRI,

    Defendants.

---

ORDER ON PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION

---

Plaintiff moves for reconsideration of this Court's order and judgment dismissing his second amended complaint. The motion is denied.

## BACKGROUND

The Court has described the background of this case in several previous orders. Briefly, this is a federal securities action against Pilgrim's Pride Corporation ("Pilgrim"), a leading producer of broiler chickens; William W. Lovette, Pilgrim's Chief Executive Officer at times relevant to the case; and Fabio Sandri, Pilgrim's Chief Financial Officer at times relevant to the case ("defendants"). The lead plaintiff, George Fuller, asserts claims on behalf of himself and

1

others who purchased Pilgrim securities between February 21, 2014 and November 17, 2016.[1] Mr. Fuller purchased 3,859 shares of Pilgrim stock on January 16, 2015 at the price of $34.00 per share and 3,627 additional at $27.95 per share. ECF No. 8-1 at 3. The gist of his complaint is that defendants concealed their participation in a price-fixing conspiracy that began as early as 2007 and continued through at least November 2016, instead falsely attributing Pilgrim's success to operational improvements, resulting in plaintiff's purchasing his Pilgrim shares at artificially inflated prices. *See* ECF No. 47 at 9-12.

On March 14, 2018 this Court granted defendants' motion to dismiss what by then was plaintiff's first amended complaint. ECF No. 41. The Court found that "plaintiff did not plead the underlying antitrust conspiracy with sufficient particularity." *Id.* at 18. The Court described plaintiff's case as "essentially premature but not necessarily hopeless." *Id*. at 19. The case was dismissed without prejudice.

Plaintiff moved for reconsideration, based in part on a Northern District of Illinois case that he characterized as an intervening change in the law. ECF No. 43. The Court denied the motion, noting that plaintiff's arguments about that case and his arguments in general rehashed arguments that the Court had considered and rejected. ECF No. 46 at 2. The Court did grant plaintiff's unopposed request for leave to amend but "emphasize[d] that the Court does not want to go through the motions process again if there are not genuinely new facts that are materially different than those that the Court has already found to be insufficient to state a claim." *Id.* at 3.

---

[1] Patrick Hogan was the named plaintiff when this putative class action was filed. There was some early jockeying for the "lead plaintiff" designation, but George Fuller was ultimately appointed as lead plaintiff on April 4, 2017. ECF No. 24. However, there has never been a request to change the caption.

Plaintiff filed a second amended complaint on June 8, 2020, more than two years after the dismissal of the case without prejudice and one and one-half years after leave to amend was granted. ECF No. 47. The "genuinely new fact" cited by plaintiff to justify the new complaint was that on June 3, 2020 a federal grand jury in Colorado indicted certain executives of broiler chicken-producing companies, including two Pilgrim executives (though not the two named as defendants in the present case) for their role in a price-fixing and bid rigging conspiracy during the period 2012 through 2017. *Id.* at 6-7.[2] Plaintiff asserted three claims.

In his first claim plaintiff alleged that defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, in that they

- Employed devices, schemes and artifices to defraud;
- Made untrue statements of material facts or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; or
- Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon Lead Plaintiff and others similarly situated in connection with their purchases of Pilgrim securities during the "Class Period.

*Id.* at 166, ¶395.

Thus, the bullet points in the first claim alleged that defendants violated the requirements of Rule 10b-5(a), (b) and (c), even though none of the three subsections was expressly mentioned in the claim.

---

[2] I take judicial notice that the jury trial of that case, No. 1:20-cr-00152-PAB, began on October 25, 2021 and is expected to last through approximately December 21, 2021.

In his second claim plaintiff asserted violations of Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c). *Id.* at 166. In support of the claim plaintiff repeated the substance, though not in the bullet point format, of the allegations of the first claim. *See id.* at 167, ¶¶399-402.

In his third claim plaintiff alleged in that individual defendants Lovett and Sandri violated Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), by using their control to cause Pilgrim to issue materially false and misleading information in violation of Section 10(b) and Rule 10b-5. *Id.* at 168.

On July 31, 2020 defendants filed a motion to dismiss the second amended complaint. ECF No. 58. Their primary arguments were that plaintiff's Section 10(b) claims were time-barred by the five-year statute of repose for securities actions found at 28 U.S.C. § 1658(b)(2), and that plaintiff lacked standing to bring any remaining claims. Following briefing the Court granted the motion to dismiss. ECF No. 74. The Court agreed that Mr. Fuller's claims were barred by the statute of repose in that the second amended complaint, filed June 8, 2020, had been filed more than five years after Mr. Fuller's purchases of Pilgrim stock in January and February 2015. *Id.* at 8-12. I disagreed with plaintiff's arguments that either the "continuing fraud exception" or "relation back" under Rule 15(c) rendered Mr. Fuller's complaint timely. *Id.* at 12-16. I also found that Mr. Fuller lacked standing because he did not purchase or sell but merely held his stock within the five-year repose period. *Id.* at 16-19.[3]

---

[3] In reviewing my order of dismissal for purposes of addressing the pending motion for reconsideration I noticed that near the end of the standing discussion I inadvertently referred to the plaintiff as Mr. Hogan rather than Mr. Fuller at times. *See id.* at 18.

Mr. Fuller now seeks reconsideration of the second order of dismissal. ECF No. 76. Specifically, he seeks an order altering or amending the Amended Final Judgment pursuant to Fed. R. Civ. P. 59(e). The motion has been fully briefed. No party has requested oral argument.

## STANDARD OF REVIEW

Litigants subject to an adverse final judgment and who seek reconsideration of that judgment may make a motion to alter or amend that judgment within 28 days of entry of judgment. Fed. R. Civ. P. 59(e). However, Rule 59(e) is not a vehicle to revisit issues already decided by the Court or to raise issues that could have been raised previously. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). Grounds for granting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## ANALYSIS AND CONCLUSIONS

Plaintiff argues that the Court committed "clear error" (1) by focusing on plaintiff's first claim but ignoring plaintiff's second claim which asserted "scheme liability" under Rules 10b-5(a) and (c); and (2) by holding that his amended complaint did not relate back to the date of the filing of the original complaint by Patrick Hogan. ECF No. 76 at 1-2. Taking the latter argument first, plaintiff's points regarding relation back are essentially a rehashing of points that he made or could have made in his opposition to the motion to dismiss. I decline to revisit my analysis of his argument. That is not the purpose of a Rule 59(e) motion.

As for the argument that the Court ignored his second claim for relief, not only is it an entirely new argument that was not made in response to defendants' motion to dismiss, but in my

view, it doesn't fit this case. Generally speaking, "scheme liability" claims under Rule 10b-5(a) or (c) are distinct from Rule 10b-5(b) claims "because they are based on deceptive conduct rather than deceptive statements." *See, e.g., West Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.,* 357 F. Supp.3d 950, 977 (D. Minn. 2014). Plaintiff now argues that his scheme case is based on conduct (the alleged price-fixing conspiracy), not on deceptive statements or omissions; and that the five-year statute of repose applicable to a scheme claim runs from the date of the last act in furtherance of the scheme. ECF No. 76 at 5. He suggests that the last act in furtherance of the price-fixing scheme took place no earlier than November 17, 2017, the date on which The Washington Post published an article about manipulation of the Georgia Dock chicken price index. *See* ECF No. 76 at 5; ECF No. 47 at ¶277. Thus, according to plaintiff, the five year period of repose had not run when he filed his second amended complaint on June 8, 2020.

      One must remember, however, that plaintiff's first and second claims as pled were substantively the same other than their headings. Both claims were based on defendants' concealment of the alleged price-fixing conspiracy. Indeed, Mr. Fuller acknowledged in his brief opposing defendants' motion to dismiss that the crux of his complaint was that "defendants made untrue or misleading public statements by failing to disclose the price-fixing conspiracy and instead touting legitimate causes for Pilgrim's success." ECF No. 59 at 6.

      Defendants' motion to dismiss did not single out any of plaintiff's three claims. Rather, defendants argued that the case should be dismissed under the statute of repose applicable to defendants' alleged misrepresentations and omissions, embedded in each of the three claims, and also for lack of standing. Plaintiff's response to the motion did not single out any subsection

either.  It did not mention the scheme claims or suggest that a different statute of repose applied to his second claim.  The Court ruled on what the parties presented.  Only after the Court granted the motion did plaintiff suggest that the Court erred by ignoring his second claim.  In that context I am not persuaded that the Court committed "clear error."

Plaintiff argues that his failure to make a "scheme claim" argument in response to defendants' motion was not a waiver because he was not required to respond to an argument that defendants did not make.  *See In re Alphabet, Inc. Securities Litigation,* 1 F.4th 687, 709 (9th Cir. 2021).  However, as I have said, in this case defendants moved to dismiss all three of plaintiff's claims, effectively treating them all as grounded in deceptive statements.  Even if defendants had only addressed plaintiff's first claim, as plaintiff now asserts, that claim encompassed the substance of all three subsections of Rule 10b-5.  Plaintiff could and should have argued at that time that a "scheme claim" is governed by a different period of repose.  A 59(e) motion is not a vehicle to raise issues that could have been raised previously.  *Alpenglow Botanicals,* 894 F.3d 1203.  *See also U.S. ex. Rel. Noyes v. Kimberly Constr., Inc.,* 43 F. App'x 283, 287 (10th Cir. 2002) (unpublished) (a Rule 59(e) motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment.")).

Nor am I persuaded even now by plaintiff's repose argument.  I find that the statute of repose began to run on the date Mr. Fuller purchased his stock because the scheme claim as alleged in this case was, in reality, a concealment claim.  I thus agree with the court in *In re Teva Securities Litigation,* Nos. 3:17-cv-558 (SRU), 2021 WL 1197805 (D. Conn. March 30, 2021) which rejected an effort to extend the five-year repose period by transforming misrepresentation

7

claims into a scheme claim. The *Teva* court stated, "[a]though, in a way, these cases concern Teva's anti-competitive conduct, [plaintiffs] allege that the [defendants] violated the federal securities laws by *lying* about the sources of their revenue and the competitiveness of the generic drug manufacturing market." *Id.* at *3.

Plaintiff's assertion that the last fraudulent act in furtherance of the scheme occurred on the date of a newspaper article is arbitrary at best. Even today we do not know when (if ever) the last act by defendants in furtherance of a price-fixing conspiracy took place. The notion that the statute of repose didn't begin to run until the newspaper article essentially is a repetition of the continuing fraud theory that I rejected.

## ORDER

Because I do not find that there was clear error, plaintiff's motion to alter or amend the Amended Final Judgment pursuant to Rule 59(e), ECF No. 76, is DENIED.

DATED this 29th day of November, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge