**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

In re PILGRIM'S PRIDE CORPORATION SECURITIES LITIGATION

No. 1:16-cv-02611-RBJ

Hon. R. Brooke Jackson

# STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated January 24, 2025 (the "Stipulation") is made and entered into by and among: (i) Lead Plaintiff George James Fuller ("Plaintiff"), on behalf of himself and each of the Settlement Class Members (as defined herein), by and through his counsel of record; and (ii) Pilgrim's Pride Corporation ("Pilgrim's") and William W. Lovette ("Lovette") (collectively, "Defendants," and together with Plaintiff, the "Parties" and each a "Party"), by and through their counsel of record. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court (as defined herein) and the terms and conditions set forth in this Stipulation.

## I. THE LITIGATION

The initial complaint in this Action (as defined herein) was filed on October 20, 2016. ECF No. 1. That same day, notice that a class action had been initiated against Pilgrim's and certain other defendants was published on *GlobeNewswire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move to serve as lead plaintiff within 60 days of publication of the Notice. ECF No. 8-3.

Two timely competing motions for appointment as lead plaintiff were filed on December 19, 2016 (ECF Nos. 6, 8). On April 4, 2017, the Court appointed George James Fuller as Lead Plaintiff and approved his selection of Kahn Swick & Foti, LLC as Lead Counsel. ECF No. 24.

On May 11, 2017, after conducting an investigation, legal and factual research, and review and analysis of news reports, Plaintiff filed the Amended Complaint for Violation of Federal

Securities Law ("Amended Complaint") against Pilgrim's, Lovette, and Fabio Sandri. ECF No. 29. Defendants moved to dismiss the Amended Complaint on June 12, 2017. ECF No. 34. Plaintiff opposed Defendants' motion on July 12, 2017. ECF No. 35. On March 14, 2018, the Court granted Defendants' motion to dismiss. ECF No. 41. On April 11, 2018, Plaintiff filed a motion for reconsideration of the Court's Order dismissing the Amended Complaint. ECF No. 43. Defendants opposed Plaintiff's motion on April 25, 2018. ECF No. 44. The Court denied Plaintiff's motion for reconsideration on November 9, 2018, but granted Plaintiff's request for leave to amend. ECF No. 46.

On June 8, 2020, Plaintiff filed a second amended complaint ("SAC") referencing new developments that occurred. ECF No. 47. Defendants moved to dismiss the SAC on July 31, 2020. ECF No. 58. On April 16, 2021, the Court granted Defendants' motion to dismiss the SAC, finding Plaintiff's claims were time-barred by the statute of repose. ECF No. 74. Plaintiff filed a motion for reconsideration of the Court's Order dismissing the SAC on May 17, 2021. ECF No. 76. Defendants opposed Plaintiff's motion on June 7, 2021. ECF No. 77. The Court denied Plaintiff's motion for reconsideration on November 29, 2021. ECF No. 84.

Plaintiff appealed the Court's dismissal on December 28, 2021. ECF No. 85. The Tenth Circuit Court of Appeals reversed the dismissal, finding that the SAC was not barred by the statute of repose, and remanding for the District Court to address the sufficiency of the SAC in the first instance. *Hogan v. Pilgrim's Pride et al.*, No. 21-1445 (10th Cir. July 13, 2023). On December 26, 2023, the Court entered an Order denying the motion to dismiss in full as to Defendants Pilgrim's and Lovette, granting dismissal as to former defendant Fabio Sandri, and granting Plaintiff "leave to file a Third Amended Complaint for the purpose of adding references to the events of which this Court has taken judicial notice that took place after the SAC was filed." ECF No. 96. On

January 5, 2024, Plaintiff filed the Third Amended Complaint ("TAC"), which is now the operative complaint in this action. ECF No. 98.

The Parties then began formal discovery, exchanging initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on March 8, 2024. On April 19, 2024, the Court held a Scheduling Conference during which it set discovery deadlines and provided the Parties with guidance regarding its expectations for the conduct of discovery. The Parties negotiated and entered a Stipulated Protective Order, which the Court granted (ECF No. 116), as well as Stipulated Protocol Governing the Production of Electronically Stored Information ("ESI") (ECF No. 119). In the ensuing months, Plaintiff served written discovery on Defendants, including three sets of Requests for Production and three sets of Interrogatories. Plaintiff also issued eight document subpoenas to third parties. The Parties also extensively negotiated, and Defendant Lovette filed, an unopposed motion in *United States v. Penn*, No. 20-cr-0152 (D. Colo.), to modify the second amended protective order in that proceeding to allow Lovette to produce a copy of all trial exhibits admitted in that litigation to Plaintiff. *Penn*, ECF No. 1471. Counsel for the Parties also engaged in numerous meet-and-confer discussions and exchanged written correspondence in order to address the Parties' respective objections with respect to written discovery requests and to seek to reach agreement on the scope of document and deposition discovery. Plaintiff also exchanged written correspondence and conducted meet-and-confers with numerous subpoenaed third parties. In response to Plaintiff's Requests, Pilgrim's (a) reproduced over 1 million documents previously produced in connection with the *United States v. Penn* criminal trial and the *In Re Broiler Chicken* civil antitrust litigation and (b) produced approximately 70,000 pages of new documents specific to Plaintiff's securities fraud claims, which Plaintiff was in the process of reviewing and analyzing.

Believing it to be in all Parties best interests, the Parties had intermittent discussions regarding potential mediation. After several months, the Parties ultimately agreed to mediate and engaged the services of the Honorable Layn R. Phillips, of Phillips ADR Enterprises, a nationally recognized mediator. After a full-day, in-person mediation session in New York City on November 18, 2024, no settlement was reached. After ongoing negotiations and discussions, on December 9, 2024, the Parties executed a term sheet agreeing in principle to settle the Action, after all Parties accepted a proposal from the mediator for a settlement for $41,500,000.

## II. PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims. However, Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Defendants through the remainder of discovery, class certification, summary judgment, trial, and possible appeals. Plaintiff has also taken into account the uncertain outcome and the risk inherent in any litigation, especially in complex securities class-action litigations such as this Action, as well as the possibility of difficulties, delays, and unfavorable changes in law. Plaintiff and his counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon and is in the best interests of the Settlement Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and every one of the claims alleged by Plaintiff and the Settlement Class in the Action. Defendants have expressly denied and continue to deny all charges of fault, wrongdoing, liability, or damages against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.

Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive. Defendants also have taken into account the uncertainty and risks

inherent in any litigation, especially in complex cases such as this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (on behalf of himself and all other Settlement Class Members) and Defendants, by and through their attorneys of record, that, subject to the approval of the Court, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties (as defined herein), upon and subject to the terms and conditions of the Stipulation, as follows:

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

### 1. Definitions

As used in the Stipulation, the following terms have the meanings specified below:

1.1. "Action" means the above-captioned case.

1.2. "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.3. "Claimant" means any Settlement Class Member who files a Claim Form in such form and manner, and within such time, as the Court shall prescribe.

1.4. "Claims Administrator" means Kroll Settlement Administration.

1.5. "Claim Form" shall have the meaning set forth in ¶ 3.2 of this Stipulation.

1.6. "Court" means the United States District Court for the District of Colorado.

1.7. "Defendants' Counsel" means Weil, Gotshal & Manges LLP, counsel for Defendant Pilgrim's Pride Corporation, and Moore & Van Allen PLLC, counsel for Defendant William W. Lovette, collectively.

1.8. "Effective Date," or the date upon which this Settlement becomes "effective,"

means the date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have occurred.

1.9. "Escrow Account" means an interest-bearing account maintained by the Escrow Agent.

1.10. "Escrow Agent" means KSF.

1.11. "Exhibits" means all the exhibits to the Stipulation, including Exhibit A, Exhibit A-1, Exhibit A-2, Exhibit A-3, Exhibit A-4, and Exhibit B.

1.12. "Fee and Expense Application" shall have the meaning set forth in ¶ 6.1 of this Stipulation.

1.13. "Fee and Expense Award" shall have the meaning set forth in ¶ 5.2(c) of this Stipulation.

1.14. "Final" means when the last of the following with respect to the Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed (including to the extent that the time to appeal has been extended in a manner provided for in the Federal Rules of Civil Procedure) without any appeal having been taken, unless the date to take such an appeal shall have been extended by Court order; (iii) if a motion to alter or amend the Judgment is timely filed, the motion is denied; and (iv) if an appeal is taken, either (a) the appeal has been dismissed and the time, if any, for commencing any further appeal has expired, or (b) the Judgment has been affirmed in its entirety and the time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement but shall not include any appeal

that concerns only the issue of attorneys' fees and reimbursement of costs or payments to Plaintiff or the Plan of Allocation.

1.15. "Individual Defendant" means William W. Lovette.

1.16. "Judgment" means a final order and judgment approving the Settlement and dismissing the Action with prejudice, entered by the Court substantially in the form attached hereto as Exhibit B.

1.17. "KSF" means Kahn Swick & Foti, LLC.

1.18. "Lead Counsel" means KSF.

1.19. "Lead Plaintiff" means George James Fuller.

1.20. "Lovette" means William W. Lovette.

1.21. "Net Settlement Fund" means the balance of the Settlement Fund after payment of items (a) through (d) of ¶ 5.2 of this Stipulation.

1.22. "Notice" shall have the meaning set forth in ¶ 3.2 of this Stipulation.

1.23. "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any entity, including any business or legal entity, and, as to each of the foregoing, their spouses, heirs, predecessors, successors, representatives, or assignees.

1.24. "Pilgrim's" or the "Company" means Pilgrim's Pride Corporation.

1.25. "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be proposed by Lead Counsel and approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of items (a) through (d) of ¶ 5.2 of this Stipulation.

1.26. "Preliminary Approval Order" means the preliminary order issued by the Court as defined in ¶ 3.2 hereof and substantially in the form of Exhibit A hereto.

1.27. "Released Claims" means all claims and causes of action of every nature and description whatsoever whether known or unknown, asserted or unasserted, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether class or individual in nature, that Plaintiff, or any other Settlement Class Member or their representatives, heirs, successors-in-interest and assigns, asserted in the Action or could have asserted, directly or indirectly, in any forum that arise out of or are based upon or related to the purchase, sale, acquisition, disposition or holding of Pilgrim's securities during the Settlement Class Period (including, without limitation, claims in connection with, relating to or arising from any public statement made or omissions to make statements by any Defendant during the Settlement Class Period and/or any of the allegations, transactions, facts, events, acts, failures to act, matters or occurrences that were or could have been alleged, asserted, contended, set forth, related to or referred to in the Action by Plaintiff or Settlement Class Members). Released Claims includes "Unknown Claims" as defined in ¶ 1.42 of this Stipulation. "Released Claims" excludes claims to enforce the Settlement.

1.28. "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendants' Parties, individually or in concert, against any of the Releasing Plaintiff's Parties, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the Settlement).

1.29. "Released Defendants' Parties" means each and all of the Defendants, each of their respective spouses and immediate family members (for individuals) and past, present and future direct and indirect parent entities, parent corporations, sister corporations, subsidiaries, related entities and affiliates, and, as applicable, their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, servants, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, receivers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, assignors, legatees, devisees, estates, settlors, beneficiaries, heirs, executors, successors-in-interest, administrators, and any controlling person thereof.

1.30. "Releasing Plaintiff's Parties" means each and all of the Plaintiff and members of the Settlement Class, and, as applicable, their respective family members, and their respective past, present and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof. Releasing Plaintiff's Parties do not include any Person who timely and validly seeks exclusion from the Settlement Class.

1.31. "Settlement" means the settlement embodied in this Stipulation.

1.32. "Settlement Amount" means the total amount of Forty-One Million Five-Hundred Thousand U.S. Dollars ($41,500,000) in cash.

1.33. "Settlement Class" means all Persons who purchased or otherwise acquired Pilgrim's securities during the Settlement Class Period and were damaged thereby, excluding Defendants, officers, and directors of Pilgrim's, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class.

1.34. "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.33 of this Stipulation.

1.35. "Settlement Class Period" means the period between February 21, 2014, and November 17, 2016, inclusive.

1.36. "Settlement Fund" means the Settlement Amount, deposited, or to be deposited, into the Escrow Account, pursuant to ¶ 2.3 of this Stipulation, plus all interest earned thereon pursuant to ¶¶ 2.3 and 2.7 of this Stipulation.

1.37. "Settlement Hearing" shall have the meaning set forth in ¶ 3.3 of this Stipulation.

1.38. "Stipulation" shall have the meaning set forth in the introductory paragraph of this document.

1.39. "Summary Notice" shall have the meaning set forth in ¶ 3.2 of this Stipulation.

1.40. "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) tax returns.

1.41. "Taxes" means any federal, state, and/or local taxes of any kind (including any estimated taxes, interest or penalties) with respect to the income earned by the Settlement Fund as

described in ¶ 2.14.

1.42. "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiff, Settlement Class Members, or any Defendant does not know or suspect to exist in his, her or its favor at the time of their release of the Released Claims or the Released Defendants' Claims, and including, without limitation, those which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. Upon the Effective Date, with respect to any and all Released Claims, Plaintiff shall expressly waive, and each Releasing Plaintiff Party be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent it applies) or any other law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, and any other Settlement Class Member, may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs shall expressly waive, and each of the other Settlement Class Members, shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff acknowledges, and each of the other Settlement Class

Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

**2. The Settlement**

2.1 The obligations incurred through the Stipulation shall be a full and final disposition of the Action and any and all Released Claims as against all Released Defendants' Parties by Plaintiff and the Settlement Class Members, on behalf of themselves and their heirs, executors, administrators, successors, and assigns.

**A. The Settlement Fund**

2.2 In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶ 4.1 to 4.5 below, Pilgrim's shall pay or cause to be paid the Settlement Amount to the Escrow Agent.

2.3 Pilgrim's will pay or cause to be paid the Settlement Amount by wire or electronic funds transfer into the Escrow Account within 60 business days of the later of: (a) preliminary approval of this Settlement by the Court, and (b) receipt of complete payment details from Lead Counsel, inclusive of all reasonably necessary information for an electronic funds transfer/ACH or wire transfer (including a tax identification number, wiring instructions, including bank name and address, ABA routing number, account name, account number, and SWIFT Code) and Lead Counsel and/or the receiving bank providing any required oral confirmation. The interest from the Settlement Amount in the Escrow Account will accrue to the benefit of the Settlement Class if the Court approves the Settlement. If the Court does not approve the Settlement, the interest and payment will be returned to Pilgrim's, less any amounts actually expended for claims administration.

2.4 This is not a claims-made settlement. Defendants will have no ability to recapture

any of the Settlement Amount unless the Settlement is terminated or does not become effective as set forth in Section 7 of this Stipulation. Simultaneously herewith, the Parties, by and through their respective counsel, are executing a Supplemental Agreement, which shall remain confidential unless otherwise ordered by the Court, which gives Defendants the right, but not the obligation, to terminate the Settlement in the event that a certain portion of the Settlement Class delivers timely and valid requests for exclusion from the Settlement Class (the "Supplemental Agreement"). The Supplemental Agreement shall be made available for *in camera* review upon the Court's request.

2.5 With the sole exception of Pilgrim's obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 2.3 hereof, the Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

2.6 The Settlement Amount represents the entirety of the Released Defendants' Parties' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses awarded to Lead Counsel, notice and administration costs, taxes, and tax expenses of any kind whatsoever associated with the Settlement. The payment of the Settlement Amount into the Escrow Account in accordance with ¶¶2.2-2.3 above fully

discharges the Released Defendants' Parties' financial obligations under this Stipulation and in connection with the Settlement, meaning that no Released Defendants' Parties shall have any other obligation to make any payment into the Escrow Account or to any Settlement Class Member under this Stipulation or in connection with this Settlement. For the avoidance of doubt, under no circumstances shall the amount to be paid by the Released Defendants' Parties under this Stipulation exceed the Settlement Amount. With the sole exception of Pilgrim's obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 2.3 hereof, Released Defendants' Parties shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

**B. The Escrow Agent**

2.7 The Escrow Agent shall invest the Settlement Fund, or any portion thereof, in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or its agencies and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

2.8 Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute transactions on behalf of the Settlement Class Members that are consistent with the terms of the Stipulation.

2.9 All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. No portion of the Settlement Fund shall be disbursed except as provided in the Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and undersigned counsel to Defendants. The Escrow Agent shall not disburse the Settlement Fund except as provided for in the Stipulation or by Court order. Upon final approval of the Settlement and completion of the

claims processing, the Escrow Agent shall distribute the Settlement Fund in accordance with the Court-approved Plan of Allocation without further order of the Court.

2.10 After payment of the Settlement Amount to the Escrow Agent, Lead Counsel may establish a "Class Notice and Administration Fund" from the Settlement Fund. No further disbursements shall be made from the Settlement Fund, except by an order of the Court, or with written agreement of Lead Counsel and undersigned counsel to Defendants. The Class Notice and Administration Fund may be used by Lead Counsel, without prior approval of the Court, only to pay the Claims Administrator for costs and expenses reasonably and actually incurred in connection with providing Notice to the Settlement Class (the "Class Notice and Administration Expenses") (including any reimbursement of banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation), locating Settlement Class Members, assisting with the filing of claims, preparing any tax returns necessary for the Settlement Fund, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any. The Class Notice and Administration Fund also may be invested and earn interest as provided for in ¶¶ 2.3 and 2.7 of this Stipulation.

2.11 The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: (i) any act, omission, or determination of or by the Escrow Agent, or any designees or agents thereof; (ii) the investment of, administration of, distribution of, or disbursement from the Class Notice and Administration Fund; (iii) the investment of, administration of, distribution of, or disbursement from the Settlement Fund; (iv) the investment

of, administration of, distribution of, or disbursement from the Net Settlement Fund; or (v) the payment of Taxes.

**C. Taxes**

2.12 The Parties and the Escrow Agent agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. Additionally, the Escrow Agent shall timely make such elections as necessary or advisable, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.13 For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.14 of this Stipulation.

2.14 All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendants' Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses, including expenses and costs incurred (including, without limitation, expenses of tax attorneys and/or

accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns), shall be paid out of the Settlement Fund exclusively. The Released Defendants' Parties shall have no liability or responsibility for Taxes or Taxes Expenses, and shall have no responsibility with respect to the payment of Taxes, as described her. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); the Released Defendants' Parties are not responsible and shall have no liability therefor. The Parties and their respective counsel agree to cooperate with the Claims Administrator, the Escrow Agent, each other, and their tax attorneys, accountants, or other agents or employees to the extent reasonably necessary to carry out provisions ¶¶ 2.12 to 2.14 of this Stipulation.

**3. Class Certification, Preliminary Approval Order and Settlement Hearing**

3.1 Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (i) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (ii) certification of Plaintiff as class representative; and (iii) appointment of KSF as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Defendants' conditional stipulation to a Settlement Class is for settlement purposes only and contingent upon consummation of the Settlement and the Judgment becoming Final. If the Settlement does not become effective, Defendants reserve their rights to assert objections and defenses to certification of any class, and Plaintiff and Lead Counsel

agree that they will not offer Defendants' conditional stipulation to a Settlement Class as support for a motion to certify a class, or argue that Defendants are equitably or judicially estopped from contesting certification of a class in the Action.

3.2 Promptly after execution of the Stipulation, Plaintiff shall submit the Stipulation together with its Exhibits to the Court and Plaintiff shall move for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 hereto, the Proof of Claim and Release (the "Claim Form") substantially in the form of Exhibit A-2 hereto, and the Summary Notice (the "Summary Notice") substantially in the form of Exhibit A-3 hereto, and the Postcard Notice (the "Postcard Notice") substantially in the form of Exhibit A-4 hereto. The Notice shall include the general terms of the Settlement, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined below), and the date of the Settlement Hearing (as defined below).

3.3 Lead Counsel shall request the Court to schedule a hearing after notice is given (the "Settlement Hearing") at which hearing Plaintiff will seek final Court approval of the Settlement and entry of the Judgment. At the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, as provided for in ¶¶ 1.25 and 6.1 of this Stipulation.

3.4 The form of Preliminary Approval Order submitted to the Court shall specifically include provisions that, among other things, will:

(a) Preliminarily approve the Stipulation and the Settlement as fair, just, reasonable and adequate;

(b) Preliminarily certify the Settlement Class, solely for purposes of the Settlement, and preliminarily find, solely for purposes of the Settlement, that each element for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met;

(c) Approve the form of the Notice to be posted on the Settlement website described in subparagraph (h) below and the Postcard Notice for mailing to Settlement Class Members for whom no email address is available, which shall direct Settlement Class Members to the Settlement website for Notice and Claim Form;

(d) Approve the form of the Claim Form to be posted on the Settlement website described in subparagraph (h) below;

(e) Approve the form of Summary Notice for publication and for emailing to Settlement Class Members for whom an email address is available, which shall direct Settlement Class Members to the Settlement website for Notice and Claim Form;

(f) Direct Lead Counsel to mail or cause to be mailed the Postcard Notice to those Persons in the Settlement Class who can be identified through reasonable effort, on or before the date specified in the Preliminary Approval Order;

(g) Direct nominees who purchased or otherwise acquired Pilgrim's securities for the benefit of Settlement Class Members during the Settlement Class Period to send the Postcard Notice to all such Settlement Class Members within ten (10) days after receipt of the Notice or send a list of the names, email addresses, and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice, and authorize the Claims Administrator to reimburse such nominees at no more than the rates provided in the Notice for sending such information;

(h) Direct Lead Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires on or before the date specified in the Preliminary Approval Order, and to place a copy of the Notice, Claim Form, complaint, Stipulation, and other Settlement-related documents on a Settlement-specific page of a website maintained by the Claims Administrator, on or before the date specified in the Preliminary Approval Order;

(i) Provide that Settlement Class Members who wish to participate in the Settlement shall complete Claim Forms pursuant to the instructions contained therein, and provide the Claims Administrator with all requested documentation;

(j) Find that the notice given pursuant to subparagraphs (c)-(i) above constitutes the best notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Settlement Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

(k) Schedule the Settlement Hearing to be held by the Court to consider and determine whether the Settlement should be approved as fair, reasonable and adequate, and whether the Judgment should be entered;

(l) Provide that any Settlement Class Member who so desires may exercise the right to exclude themselves from the Settlement Class if they comply with the requirements for so doing as set forth in the Notice;

(m) Provide that at or after the Settlement Hearing, the Court shall determine whether the proposed Plan of Allocation should be approved;

(n) Provide that at or after the Settlement Hearing, the Court shall determine

and enter an Order regarding whether and in what amount attorneys' fees and reimbursement of expenses should be awarded to Lead Counsel out of the Settlement Fund;

(o) Provide that pending final determination of whether the Settlement should be approved, neither Plaintiff nor any Settlement Class Member, whether directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Defendants' Parties; and

(p) Provide that any objections to: (i) the Settlement; (ii) entry of the Judgment approving the Settlement; (iii) the proposed Plan of Allocation; or (iv) Lead Counsel's Fee and Expense Application, and any papers submitted in support of said objections, shall be considered by the Court at the Settlement Hearing only if, on or before the date specified in the Notice, Persons making objections shall have filed and served written objections (which shall set forth each objection and the basis therefore) and any papers in support of their position as set forth in the Notice.

**4. Releases**

4.1 Upon the Effective Date, as defined in ¶ 1.08 of this Stipulation, without further action by anyone, Plaintiff and each of the Releasing Plaintiff's Parties, on behalf of themselves, their respective present and former parent entities, subsidiaries, divisions, and affiliates, the present and former employees, officers, directors, advisors, partners, and agents of each of them, and the predecessors, heirs, executors, administrators, trusts, family members, successors and assigns of each of them, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Defendants' Parties, individually or in concert, whether or not such Settlement Class Member executes and delivers a Claim Form or

participates in the Settlement Fund.

4.2 Upon the Effective Date, all Releasing Plaintiff's Parties and anyone claiming on behalf of any of them, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any litigation or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), asserting any of the Released Claims against any of the Released Defendants' Parties.

4.3 Plaintiff, for himself and on behalf of all Releasing Plaintiff's Parties, expressly acknowledges that he may hereafter discover facts in addition to or different from those that he or his counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date, Plaintiff expressly shall have, and each of the Releasing Plaintiff's Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff acknowledges, and each of the Releasing Plaintiff's Parties shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.4 Any Settlement Class Member who does not timely submit a valid Claim Form

substantially in the form contained in Exhibit A-2 attached hereto shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation, including the terms of the Judgment, if applicable, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the Released Claims, as described more fully in the Stipulation.

4.5 By operation of the Judgment, as of the Effective Date, as defined in ¶ 1.08 hereof, Defendants and each and every one of the Released Defendants' Parties shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff's Parties. Claims to enforce the terms of the Stipulation are not released.

**5. Provision of Notice, Administration of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1 The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under the supervision of Lead Counsel and pursuant to the Preliminary Approval Order entered by the Court.

5.2 Subject to the terms of the Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:

(a) to pay, consistent with ¶ 2.10 hereof, all the costs and expenses reasonably and actually incurred in connection with providing Notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Claim Forms, and pay escrow fees and costs, if any;

(b) to pay any Taxes and Tax Expenses;

(c) to pay Lead Counsel's attorneys' fees and expenses, in the amount and manner approved by the Court, and, after the Effective Date, and to pay Plaintiff for his time and expenses, if and to the extent allowed by the Court (collectively, the "Fee and Expense Award");

(d) after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation (including ¶ 5.10 below) and the Plan of Allocation and any other applicable order of the Court.

5.3 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation and the Plan of Allocation, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to the terms in ¶ 5.10 below.

5.4 Any Person falling within the definition of the Settlement Class may be excluded from the Settlement by submitting to the Claims Administrator a request for exclusion which complies with the requirements set forth in the Notice and is postmarked no later than fourteen (14) days prior to the date of the Settlement Hearing. Any Person who submits a valid and timely request for exclusion (and does not subsequently revoke this request for exclusion) shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation (including the releases herein) or the Judgment. However, a Settlement Class Member may submit a written revocation of a request for exclusion within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court, and may receive payments pursuant to the Stipulation and Settlement provided the Settlement Class Member also submits a valid Claim Form, as set forth in ¶ 5.5 below, within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court.

5.5 Within ninety (90) days after the mailing of the Notice or such other time as may

be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, signed under penalty of perjury and supported by such documents as are specified in the Claim Form and as are reasonably available to the Authorized Claimant. A Claim Form shall be deemed submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

5.6 Claims Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposed to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶ 5.7 below.

5.7 If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in ¶ 5.6 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

5.8 The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to counsel for Defendants, for approval by the Court. No discovery shall be allowed in connection with the processing of Claims Forms.

All Settlement Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund but otherwise shall be bound by all of the terms of the Stipulation, including the terms of the Final Judgment to be entered in the Action and the releases provided therein, and will be barred and enjoined from bringing any action against the Released Defendants' Parties or concerning any or all of the Released Claims.

5.9 All Settlement Class Members who fail to timely submit a Claim Form within ninety (90) days after the mailing of the Notice, or such other period as ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.10 The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution with a value of less than $20.00. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of such Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), such balance shall be reallocated among and distributed to Authorized Claimants in an equitable and economic fashion or used to pay any outstanding amounts due to the Claims Administrator. Should any balance remain, Plaintiff will propose to the Court for its approval an appropriate 501(c)(3) non-profit organization(s) beneficiary.

5.11 No Person shall have any claim against Lead Counsel, the Claims Administrator, or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s)

of the Court.

5.12 It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or Settlement of the Action (including the releases contained in the Stipulation), or any other orders entered pursuant to the Stipulation.

5.13 Defendants will take no position with respect to the Plan of Allocation. It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Settlement and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Plaintiff, the Settlement Class, and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the Settlement and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.

5.14 The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Claims Administrator, or any designees or agents thereof; any act, omission, or determination of or by any other entity designated by Lead Counsel as referenced in this Stipulation; the Plan of Allocation; or the

administration of the Plan of Allocation, except that, without conceding such notice is required by law, Pilgrim's shall be responsible for: (i) providing notice to the appropriate federal and state official under the Class Action Fairness Act of 2005 ("CAFA"), if any, at Pilgrim's own expense, no later than ten (10) business days following the filing of the Stipulation; and (ii) providing transfer agent records for the relevant time period to Lead Counsel within ten (10) business days of preliminary approval of the settlement by the Court.

5.15 No Person shall have any claim of any kind against the Released Defendants' Parties with respect to the matters set forth in ¶¶ 5.1-5.14 hereof.

**6. Lead Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel will submit an application for: (a) an award of attorneys' fees in an amount not to exceed one-third (33 1/3%) of the Settlement Amount; (b) reimbursement of litigation expenses, including the fees of any experts, consultants, and investigators incurred in connection with prosecuting the Action; and (c) any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court (the "Fee and Expense Application"). Plaintiff may also submit an application for compensation for his time and expenses in connection with the prosecution of the Action, pursuant to 15 U.S.C. Section 78u-4(a)(4).

6.2 The Attorneys' Fees and Expenses, as awarded by the Court in its sole discretion, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court enters the Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Judgment. In the event that the Effective Date does not occur, or the Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Lead Counsel shall be obligated to refund to the Escrow Account, within thirty (30) business days from receiving notice

from Defendants' Counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Judgment with respect to the Fee and Expense Award, including any accrued interest that had been paid as part of the award. Lead Counsel agrees that their law firm and their partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph and severally liable for repayment of attorneys' fees and expenses awarded by the Court. Any amounts awarded by the Court to Plaintiff for reimbursement of his time and expenses shall not be paid from the Settlement Fund until after the Effective Date.

6.3 The Settlement is not contingent on the allowance or disallowance of any Fee and Expense Application or Plaintiff's expense application, and any such allowance or disallowance will not be grounds for terminating the Settlement. Any order or proceedings relating to the Fee and Expense Application, or Plaintiff's expense application, or any appeal from any order relating to either of the foregoing or reversal or modification of either of the foregoing, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or the Settlement (including the releases contained therein).

6.4 Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. The Released Defendants' Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, Plaintiff, or any other parties.

6.5 The Released Defendants' Parties shall have no responsibility for the allocation among Lead Counsel, any other counsel who have represented one or more plaintiffs in the Action, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

### 7. Conditions of Settlement and Effect of Disapproval, Cancellation or Termination

7.1 The Effective Date of the Stipulation shall be the first business day on which all of the following have occurred or have been waived:

(a) the Stipulation, and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Parties, have been executed;

(b) the Settlement Amount has been deposited into the Escrow Account, pursuant to ¶ 2.3 of this Stipulation;

(c) the Court has entered the Preliminary Approval Order substantially in the form attached hereto as Exhibit A as referenced in ¶ 3.2 of this Stipulation;

(d) Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including pursuant to the Supplemental Agreement described in ¶ 7.7 below);

(e) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, which, *inter alia*, dismisses the Action with prejudice as to all Defendants and includes the releases set forth in the Stipulation; and

(f) the Judgment has become Final.

7.2 Upon the occurrence of all the events referenced in ¶ 7.1 of this Stipulation, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all the conditions specified in ¶ 7.1 of this Stipulation are not met, then the Stipulation shall be canceled and terminated subject to ¶ 7.4 of this Stipulation unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3 Unless otherwise ordered by the Court, in the event that the Effective Date does not

occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any reason (including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom), within ten (10) business days after written notification of such event is received by Lead Counsel, the Settlement Fund (including accrued interest), including the Settlement Amount, plus the Class Notice and Administration Fund (including accrued interest), and the Net Settlement Fund, and all payments disbursed, including all expenses, costs, and any Fee and Expense Award and any Plaintiff's time and expense allocations – excluding Class Notice and Administration Expenses that have already been incurred – shall be refunded by the Escrow Agent to Pilgrim's. In such event, at the request of Pilgrim's counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, to Pilgrim's pursuant to written direction provided by Pilgrim's counsel to the Escrow Agent.

7.4 Within 30 days of (a) the Court's entry of an order declining to preliminarily approve the Settlement in any material respect, (b) the Court's refusal to approve the Stipulation or any material part of it, (c) the Court's declining to enter the proposed judgment in any material respect, or (d) the date upon which the judgment is modified or reversed in any material respect and represents a final decision on the matter, the Parties each shall have the right to terminate the Settlement and the Stipulation, by providing written notice to all other Parties of an election to do so. For the avoidance of doubt, the following shall not be considered material to the Settlement and shall not be grounds for termination: any decision, including any appellate decision, with respect to (i) an application for attorneys' fees, (ii) the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the Private Securities

Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(c)(1), and Section 27(c)(1) of the Securities Act of 1933, as amended by the PSLRA, 15 U.S.C. § 77z-1(c)(1), or (iii) any plan of allocation.

7.5 In the event that the Settlement is not approved by the Court or is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Action as of the moment immediately before the term sheet was executed on December 9, 2024. In such event, the terms and provisions of the Stipulation and any document executed pursuant to or in furtherance of the Stipulation or the Settlement, with the exception of ¶¶1.1-1.42, 2.9, 6.2, 7.3 to 7.7, and 8.3-8.7 shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.6 If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor Lead Counsel shall have any obligation to repay any Class Notice and Administration Expenses. In addition, any Class Notice and Administration Expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶ 2.9 of this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.15 and 7.3 of this Stipulation.

7.7 Simultaneously herewith, the Parties, by and through their respective counsel, are executing a Supplemental Agreement, which shall remain confidential unless otherwise ordered by the Court, which gives Defendants the right, but not the obligation, to terminate the Settlement in the event that a certain portion of the Settlement Class delivers timely and valid requests for

exclusion from the Settlement Class (the "Supplemental Agreement").

**8. Miscellaneous Provisions**

8.1 The Parties acknowledge that it is their intent to consummate this Settlement, agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, and will exercise their reasonable best efforts to accomplish the terms and conditions of the Stipulation.

8.2 The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Action, Releasing Plaintiff's Claims, and Released Defendants' Claims. The Settlement compromises claims which are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. Pursuant to 15 U.S.C. Section 78u-4(c)(1), the Judgment will contain a finding that, at all times during the course of the Action, the Parties and their respective counsel complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or any other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the Settlement Amount and the other terms of the Settlement and Stipulation were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

8.3 Defendants and Defendants' Counsel retain the right to deny that the claims asserted in the Action were meritorious. Plaintiff and Lead Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by any

Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged, to the media or otherwise.

8.4 Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, Plaintiff, Defendants, and their respective counsel shall use their best efforts to keep all negotiations, discussions, and drafts in connection with the Stipulation confidential.

8.5 Neither the term sheet, the Stipulation, nor the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendants' Parties, or; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants' Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any of the Released Defendants' Parties may file the Stipulation and/or the Judgment in any action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense, argument, or counterclaim. Nothing contained herein restricts, curtails, or limits the advancement or indemnification obligations of Pilgrim's.

8.6 All agreements and orders entered during the course of the Action relating to the confidentiality of information shall survive the Stipulation, pursuant to their terms.

8.7 All of the Exhibits to the Stipulation are material and integral parts hereof and are

fully incorporated herein by reference. In the event there exists a conflict or inconsistency between the terms of the Stipulation, on the one hand, and any Exhibit on the other, the terms of the Stipulation shall govern.

8.8 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

8.9 The Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits constitute the entire agreement among the Parties, superseding the term sheet, and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, Plaintiff shall not be responsible for any costs borne by Defendants or Defendants' Counsel, and Defendants shall not be responsible for any costs borne by Plaintiff, the Settlement Class, or Lead Counsel.

8.10 Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which Lead Counsel deem appropriate.

8.11 Each Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.12 The Stipulation may be executed by electronic signature, in one or more counterparts. All executed counterparts shall be deemed to be one instrument. A complete set of original executed counterparts shall be filed with the Court.

8.13 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

8.14 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. The Parties agree that any action based on the Stipulation or to enforce any of its terms shall be brought in this Court.

8.15 Plaintiff and Lead Counsel represent and warrant that none of Plaintiff's claims or causes of action in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

8.16 All terms of the Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits shall be governed by and interpreted according to the substantive laws of the State of Delaware, without giving regard or effect to its choice-of-law rules, except to the extent that federal law requires the application of federal law.

8.17 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.18 The waiver by one Party of any breach of the Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of the Stipulation. Unless otherwise stated herein, any breach of any provision of the Stipulation by any Party hereto shall not constitute grounds for rescission of the Stipulation but shall constitute grounds only for a claim for specific performance for breach of the Stipulation.

8.19 Neither the Plaintiff nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the

Net Settlement Fund amongst Authorized Claimants, or if the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.20 Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants' Parties.

8.21 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS next day shipping (charges prepaid); or (iii) seven (7) calendar days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Plaintiff or to Lead Counsel:

Lewis S. Kahn
1100 Poydras Avenue, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400

If to Defendants or to Defendants' Counsel:

Caroline H. Zalka
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000

-and-

John A. Fagg, Jr.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-3622

IN WITNESS THEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated this 24th day of January, 2025.

**KAHN SWICK & FOTI, LLC**

Lewis S. Kahn
1100 Poydras Avenue, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Email: lewis.kahn@ksfcounsel.com

*Lead Counsel for Lead Plaintiff George James Fuller and the Settlement Class*

**WEIL, GOTSHAL & MANGES LLP**

Caroline H. Zalka
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
caroline.zalka@weil.com

*Attorney for Defendant Pilgrim's Pride Corporation*

**MOORE & VAN ALLEN PLLC**

John Fagg with permission by Melissa H. Harris

John A. Fagg, Jr.
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-3622
johnfagg@mvalaw.com

*Attorney for Defendant William W. Lovette*